**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIPESH SINGLA,<br><br>Plaintiff,<br>v.<br><br>THE UNIVERSITY OF CHICAGO,<br><br>Defendant. | Case No. 26 cv 06156<br><br>Judge Sunil R. Harjani |

# **ORDER**

After this case was transferred from the Central District of Illinois, *pro se* Plaintiff Dipesh Singla requested leave to proceed *in forma pauperis*, appointment of an attorney, a waiver of PACER fees for his research purposes, and alternative service via email. The Court grants leave for Singla to proceed *in forma pauperis* and screens the Complaint accordingly. Upon screening, the Court finds that this action is frivolous because it is duplicative of another action pending in this district. For that reason, the Court dismisses the Complaint with prejudice, denies the remaining requests as moot, and terminates the case.

## **Application to Proceed *In Forma Pauperis***

Singla has filed an application to proceed *in forma pauperis* [9] in connection with his Complaint.[1] Section 1915(a) of Title 28 of the United States Code permits the Court to authorize a plaintiff to proceed *in forma pauperis* if he is unable to pay the mandated filing fee. This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A plaintiff is not required to be absolutely destitute in order to proceed *in forma pauperis* and is instead eligible to proceed if paying the filing fee would prevent him from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Courts in this district have found that to proceed *in forma pauperis*, a plaintiff's income must be at or near the poverty level. *Bertha v. Kane County*, 2021 WL 4027540, at *1 (N.D. Ill. Mar. 29, 2021); *Ray v. Chi. Display Mktg.*, 2019 WL 13256832, at *1 (N.D. Ill. Jan. 16, 2019). The Department of Health and Human Services' (HHS) poverty guidelines set the poverty level for the 48 contiguous states and the District of Columbia for 2026 for a family of three at $27,320.00.[2]

Upon review of the application, Singla indicated that he is currently unemployed and has had no monthly take-home pay since March 2025. Plaintiff indicated that he has $1,538.04 in cash

[1] Singla also requests leave to proceed *in forma pauperis* in a separate motion that includes other requests. [6]. That motion is separately addressed later in this Order.

[2] Available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

or a bank account but no other assets. Singla lists his parents as dependents and lists various debts and financial obligations to financial institutions and his recurring costs of living. Singla's income puts him below the HHS poverty guideline for a three-person household. Thus, the Court concludes that Singla lacks the financial resources to pay the fees and costs associated with this action.

**Section 1915 Screening**

Because the Court is granting Singla's application to proceed *in forma pauperis*, it must also determine whether the Complaint is legally sufficient to proceed. 28 U.S.C. § 1915(e)(2). A complaint filed by any person proceeding *in forma pauperis* is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). When evaluating whether a *pro se* plaintiff has stated a claim under Section 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). When addressing a *pro se* litigant's complaint, the Court must construe the complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his Complaint, Singla alleges that he was a graduate student and employee at the University of Chicago. [1] ¶ 18. He alleges that he was assaulted by another student employee, but when he requested protective measures, they were denied. *Id.* ¶¶ 24–26. He was also allegedly denied reasonable accommodation for his documented disability. *Id.* ¶¶ 19, 21–23. In 2025, Singla claims that he was terminated from his campus jobs in retaliation for his requests. *Id.* ¶¶ 29–33. He then filed a written complaint alleging discrimination based on his Indian national origin, South Asian ethnicity, Punjabi caste minority heritage, and disability, as well as a formal union grievance. *Id.* ¶¶ 20, 27–28. Singla alleges that the University reduced his outstanding wages and retaliated against his union grievance with a disciplinary proceeding that suffered procedural flaws. *Id.* ¶¶ 34–40. As a result of those proceedings, the University expelled him and then allegedly delayed and withheld his transcripts from other programs, notified a law school about his discipline, surveilled him at his residence, and made threatening communications. *Id.* ¶ 41. Singla asserts various federal claims for discrimination, retaliation, due process violations, and equal protection violations, along with numerous state claims. *Id.* ¶¶ 43–134. He seeks damages from the loss of his degree, employment, United States visa status, emotional and reputational harm, and future earning potential. *Id.* ¶ 42.

Importantly, Singla identifies an ongoing related action in this district, *Singla v. University of Chicago et al.*, Case No. 1:25-cv-08098 (N.D. Ill. July 16, 2025), of which the Court takes judicial notice. *See* [1] ¶ 2; *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). There, he also sues the University—along with its various officers, departments, and agents—for alleged retaliation, discrimination, due process violations, and other claims that purportedly led to his termination, expulsion, and claimed injuries. 25-cv-8098, Dkt. Nos. 1, 102.[3] Singla makes the

---

[3] Singla has filed numerous documents that seem to amend his original pleading. The Court does not opine on what constitutes Singla's operative complaint in that action. Rather, it references the original complaint

same allegations about the University's purported inaction following his reported assault, denial of disability accommodation, termination in retaliation to his grievances, and expulsion following a procedurally deficient disciplinary proceeding. *Id.*, Dkt. No. 102. His asserted claims are nearly identical to the ones presented in this action and all based on the same nucleus of facts, aimed at obtaining the same forms of relief.[4] *Id.*

A federal suit may be dismissed when it is "duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). It is irrational to allow two federal judges sitting on the same district court to devote scarce judicial resources to the adjudication of the same case for the same parties. *Id.* at 224; *see Bailey v. United States*, 1996 WL 494270, at *4 (N.D. Ill. 1996) (deeming "frivolous and abusive" the filing of a duplicative lawsuit before the first suit is final); *Nasir v. China Unicom*, 2026 WL 1983392, at *2 (W.D. Wis. July 9, 2026) (same); *New v. JPMorgan Chase Bank, NA*, 730 F. Supp. 3d 851, 853 (N.D. Ind. 2024) (same). A district court has "significant latitude" to dismiss an action with similar claims, parties, and available relief as another suit. *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888–89 (7th Cir. 2012)).

In this suit, Singla makes the same factual allegations as he does in the 8098 action and brings overlapping claims against the same defendant. There are two claims presented here that are not yet part of the other action, but they arise out of the same facts about his disciplinary proceedings and purportedly disparate pay from other employees. Singla can try to amend his complaint in the 8098 action to add these claims and obtain the same relief he seeks here. *Cf. McReynolds*, 694 F.3d at 889 (affirming dismissal of duplicative suit where the plaintiff could try to amend its complaint in the earlier action to add a defendant sued in the dismissed suit). Indeed, the other action precedes this one, includes more defendants, and is still at the pleading stage, so it serves judicial efficiency for that action to consider any new claims.

As further justification for dismissal, Singla's allegations reveal that this case originated as an attempt to circumvent Judge Cummings' adjudication in the 8098 action. Singla originally brought this case in the Central District of Illinois. [3], [4]. On the first page of his Complaint, he discloses the 8098 action and explains that, at the time of his initial filing, there was a pending motion before Judge Cummings for recusal and transfer of venue to the Central District of Illinois. [1] ¶ 3; *see* 25-cv-8098, Dkt. No 106. Rather than wait for a ruling, Singla filed this duplicative suit in another district. Although Singla purportedly filed this new action to ensure he timely filed

---

and most recently filed "amended complaint" only to identify the overlap of factual allegations and claims presented in both actions.

[4] The overlap between the two actions' claims is clear when the counts in the Complaint here are compared to those in the most recently filed amended complaint in the 8098 action: Counts 1–2, 15 for Title VII violations, *see* 25-cv-8098, Dkt. No. 102 at 102–03; Counts 3–8 for ADA and Rehabilitation Act violations, *id.* at 23–25, 66; Counts 11–14 for constitutional violations, *id.*, Dkt. No. 102 at 35–42; and Count 16, which incorporates many state-law claims, *id.*, Dkt. No. 102 at 47–102. Counts 9 and 10 appear to be new claims here but arise out of the same nucleus of facts.

claims after receiving a notice of right to sue from the Equal Employment Opportunity Commission, [1] ¶¶ 2–3, he had already filed a motion for leave to amend his complaint in the 8098 action so he could incorporate those administratively exhausted claims, *see* 25-cv-8098, Dkt. Nos. 93, 97. His actions abuse the court system and demonstrate the frivolousness of his filing.

On June 2, 2026, Judge Cummings denied Singla's motion for recusal and venue transfer, meaning that the case remains before him and the Northern District hosts duplicative cases. *Id.*, Dkt. Nos. 112, 113. There are no special circumstances that distinguish these actions or warrant expending twice the judicial resources as necessary. *See Serlin*, 3 F.3d at 224. Thus, the Court dismisses the Complaint with prejudice as frivolous under Section 1915(e)(2)(B)(i).

**Motion for Various Relief**

As a final matter, the Court addresses Singla's motion for leave to proceed *in forma pauperis*, appointment of counsel, waiver of PACER fees, alternative email service, and clarification [6]. The Court has already granted Singla leave to proceed *in forma pauperis*, so that request is moot. The other requests are also moot in light of the dismissal of the Complaint and resulting termination of this case. Therefore, Singla's motion [6] is denied.

**SO ORDERED.**

Dated: July 15, 2026

Sunil R. Harjani
United States District Judge