**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DIPESH SINGLA,

Plaintiff,

v.

THE UNIVERSITY OF CHICAGO,

Defendant.

Case No. 26 cv 06156

Judge Sunil R. Harjani

# ORDER

Shortly after this case was transferred from the Central District of Illinois, *pro se* Plaintiff Dipesh Singla filed an application for leave to proceed *in forma pauperis* before this Court. [9]. The Court permitted Singla to proceed *in forma pauperis* and screened his Complaint under Title 28, United States Code, Section 1915(e)(2)(B). [14]. The Court determined that the Complaint was frivolous because it was duplicative of a parallel action already pending before another judge in this District. *See id.* at 2–3. As a result, the Court dismissed the Complaint with prejudice under Section 1915(e)(2)(B)(i). *Id.* at 4. Singla has now appealed. [16].

Before the Court is Singla's motion for leave to proceed *in forma pauperis* on appeal, for attorney representation, and for waiver of PACER fees [17]. For the reasons stated below, the motion is denied.

## Discussion

The Court begins with Singla's *in forma pauperis* request. In his motion, he claims that his appeal is taken in good faith because the Court misapplied the law to find his case duplicative of his other pending action and mischaracterized his "good-faith protective filing" intended to toll the statute of limitations on his discrimination claims. [17] at 3. Singla attaches his opening appellate brief to his motion, in which he elaborates on these arguments.

A plaintiff may not proceed *in forma pauperis* on appeal if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Even though a party was permitted to proceed *in forma pauperis* in the district court action, he must seek further authorization if the district court certifies in writing that the appeal was not taken in good faith. Fed. R. App. P. 24(a)(3)(A).

Good faith in this context is an objective inquiry that looks to whether "a reasonable person could suppose that the appeal has some merit," regardless of the appellant's subjective belief in the merits. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Teverbaugh v. First Guar. Mortg. Corp.*, 2019 WL 11505576, at *1 (N.D. Ill. Aug. 30, 2019). However, an appeal of a frivolous claim is not taken in good faith. *Id.*; *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000); *see Walker*, 216 F.3d at 631 (affirming denial of post-judgment request to appeal *in forma pauperis* where the district court dismissed the complaint for frivolousness). Otherwise, a court would reach the inconsistent conclusion that the complaint was too frivolous to be served yet has sufficient merit to support an appeal *in forma pauperis*. *See Collier v. Blagojevich*, 2008 WL 4378375, at *3 (N.D. Ill. Sep. 23, 2008).

Although Singla disagrees with the Court's ruling and characterizations of his Complaint, he has not set forth a good-faith basis for his challenges. As the Court explained in its dismissal Order, Singla used this separate action to circumvent his proceeding before Judge Cummings in a case arising out of the same nucleus of facts. [14] at 3. In that case, *Singla v. University of Chicago et al.*, Case No. 1:25-cv-08098 (N.D. Ill. July 16, 2025), Singla sues the University and various departments, officers, employees, and other agents for retaliation, discrimination, due process violations, and other claims that are nearly identical to the ones brought in this action. [14] at 3 & n.4. Though Singla claims he filed the instant action to preserve his right to sue from the Equal Employment Opportunity Commission, he had already filed a motion in his other case to amend his complaint and incorporate those claims. *See* 25-cv-08098, Dkt. Nos. 93, 97.

Taken together, this means Singla's present suit is duplicative of his other action because there is no significant difference between the claims, parties, and available relief. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). The Court has broad discretion to dismiss such a Complaint for reasons of "wise judicial administration." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir. 2012). That is because duplicative litigation wastes scarce judicial resources. *Serlin*, 3 F.3d at 224. With this in mind, the Court dismissed the suit as frivolous to "avoid burdening the court system with a future suit that should not be brought" given the pending action before Judge Cummings. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013); *see Bailey v. United States*, 1996 WL 494270, at *4 (N.D. Ill. Aug. 27, 1996) ("To assert the same claim a second time before the first action has been finally decided is frivolous and abusive.").

Given these principles and Singla's two cases, his appeal has no merit because his present Complaint reiterates the facts and claims in his other lawsuit. The Court, in its broad discretion, dismissed this duplicative suit as frivolous to preserve judicial resources. Because his Complaint was dismissed as frivolous, Singla's appeal is not

taken in good faith, and the Court denies his motion to proceed *in forma pauperis* on appeal.

Singla also moves for attorney representation. However, the Court was divested of jurisdiction to decide the motion when plaintiff filed his notice of appeal. There are a few exceptions for "ancillary issues," such as *in forma pauperis* motions. *United States v. Roque*, 2019 WL 3214262, at *2 (N.D. Ill. Mar. 5, 2019) (citing *United States v. Brown*, 732 F.3d 781, 787 (7th Cir. 2013)). But attorney representation is outside the scope of exceptions and must be decided by the appellate court. *Roque*, 2019 WL 3214262, at *2.; *United States v. Duett*, 2018 WL 11276812, at *2 (N.D. Ill. July 9, 2018). Thus, Singla's motion for attorney representation is denied for lack of jurisdiction. Singla may refile his motion with the Court of Appeals.

Finally, Singla requests that the Court waive all PACER electronic-access fees for all federal district and appellate courts and grant him free access to legal research databases. Section 1915 allows the Court to waive filing fees and to request that its officers assist in serving process. 28 U.S.C. § 1915(a), (d). However, it does not enable the Court to provide free access to all filings and databases. Therefore, the motion to waive fees is denied.

## Conclusion

For the reasons stated above, Plaintiff's motion for leave to proceed *in forma pauperis* on appeal, for attorney representation, and for waiver of PACER fees [17] is denied.

**SO ORDERED.**

Dated: September 3, 2026

Sunil R. Harjani
United States District Judge